ROBERT FERGUSON *et al.*, plaintiffs in error, v. CHARLES W. HUNTER, defendant in error.

*Error to Madison.*

Probate of a will, under the Territorial Act of 1807, was required to be made by the solemn oath or affirmation of two or more credible witnesses, or by other legal proof before the clerk of the Court of Common Pleas. Under the law of 1819, two witnesses were required to the will, who should declare on oath or affirmation that they were present and saw the testator sign the will, and in each other's presence, and that the testator was of sound mind and judgment. By the Act of 1821, a Court of Probate was established and vested with all the powers then possessed by the Court of Common Pleas.

The act of taking proof of the execution of a will is a ministerial, not a judicial act.

Formerly, there were two modes of proving wills, one called the common mode, where the executor produced and proved the will without citing the parties interested; the other, in due form of law, where the executor presented the will before the Judge, in the presence of the parties interested, and which, after full examination, was allowed. If proved under the first mode, it could be disputed; if under the second, it could not.

Courts of Probate have exclusive jurisdiction over the personalty, but have none over the realty.

EJECTMENT in the Madison Circuit Court, brought by the plaintiffs in error against the defendant in error, and heard before the Hon. Gustavus P. Koerner and a jury, at the October term 1845, when a verdict of "not guilty" was rendered.

The evidence adduced upon the trial, and afterwards excluded by the Court, will appear in the Opinion of this Court.

*W. Martin*, for the plaintiffs in error.

I.   The will offered in evidence was duly made and proved conformable to law, when probate thereof was made.

The Court of Probate that passed upon the will was a Court of record, having original and exclusive jurisdiction over the probate of wills.   The law required that the Court should be satisfied that the will was duly executed, before probate could be allowed.   An officer required by law to do a certain act in a particular manner is presumed to have acted as the law required, until the contrary is shown.   The law did not require the Court of Probate to spread upon the records the evidence upon which probate of the will was allowed.   The will being found upon the records of the Court of Probate, was sufficient proof that the will was duly proved before it was placed there.   Thence a certified copy of it, under the seal of the Judge, was competent evidence to go to the jury in the trial of this cause.

II.   The probate of the will was a decision of a Court, on a subject matter within its jurisdiction, and until reversed is binding and conclusive on all other Courts, and cannot collaterally be questioned.

This doctrine cannot be questioned.   The laws of this State, previous to 1837, conferred upon the Probate Court the dignity of a Court of record, and made the probate of a will, a judicial act.   From a decision, admitting or rejecting a will, the party aggrieved by such decision, had a right to an appeal to the Circuit Court, and there to have the judgment of the Probate Court, if erroneous, reversed.   If no appeal is taken, the judgment of said Probate Court is conclusive.   For this doctrine, see 3 Term R. 125 to 131; 1 Johns. Ch. R. 155; 2 Cond. R. 306; 9 Peters, 180; *Poplin* v. *Hawke*, 8 New Hamp. 124; 16 Mass. 441; *Jacob* v. *Pulliam*, 3 J. J. Marsh. 200; *Jackson* v. *Rumsey*, 3 Johns. Cases, 234.

III.   The paper offered was properly authenticated, and should have been received in evidence.   The law of 1823 provides that copies of the entries of the records of all public officers, certified, &c., shall be legal evidence.   The

office of the Court of Probate is one of the public offices alluded to, and the record of wills form a part of the records of the office. Hence a copy of the will admitted to probate, is competent evidence, as being a copy of the records of a Court of record. *Owings* v. *Ulery*, 4 Bibb, 450, 451.

*N. D. Strong*, for the defendant in error.

This is an action of *ejectment* to try the title to the *other* half of the city of Alton. A will was introduced, which was defective, and the case failed.

I. The will was not proved according to law. Territorial Acts of 1815, 215, §32.

The object of the law was to make lands devisable, which could not be done at common law. If a will was made and proved according to law, it would be evidence of title. In this case, the will was signed by two witnesses, and thus far the law was complied with. The land was in Madison, but the probate of the will was made in St. Clair, by *one* witness. It is true that the executor made oath, but he was not a " credible" witness, the law meaning " competent," being a devisee and interested. There was no " other legal proof." The Probate Court had no discretion in the matter; it was bound by the statute. The statute is a literal copy of the statute of Pennsylvania upon the same subject, except that, being a Quaker State, the word " oath" is not used in it. Gordon on Decedents, 40.

The will should have been proved according to the law existing at the time of the death of the testator, as it then took effect. It is assimilated to a deed made, but not delivered. A deed may be kept in the pocket three years, but it is not effectual until a delivery; so, in case of a will, the death of the testator operates as a delivery.

Under the statute of 1819, section 22, a will must be signed and witnessed in the presence of the testator and two persons who must see each other sign. All three must be present. The language is imperative. In this case, the requisite legal proof was not made.

II. The plaintiffs in error say that the action of the Court of Probate is conclusive. The law says that the will, if proved as required, will be proof of title.

As to proof of a will, see 1 Phil. Ev. 397, Cowen & Hill's Ed.

Proof of a will is a ministerial act. Laws of 1837, 177, § 5. This question must have come before the Court incidentally, in the case of *Ackless* v. *Seekright*, Bre. 46, the opinion in which was given by Ch. Jus. Reynolds, late Governor of Missouri.

The case of *Lessee of Adams* v. *Jeffries*, 12 Ohio, 253, was argued on the ground of the Court having jurisdiction over the subject matter, but the Supreme Court decided that it must appear that the parties were before them.

Some States have decided that probate of a will is conclusive to show title to land, but in those cases, probate was made by a Court, which *was* a Court, on notice to parties, and where the matter was *tried.* A Court of competent jurisdiction had passed upon it.

There was no proof that Davis was dead, a fact necessary to be proved in order to give the Probate Justice jurisdiction. A person once shown to be living is *presumed* to continue living until *proved* dead. Nor was there any proof that it was of record in his Court. Judgments, by the Common Law, only bind parties and privies.

*Martin,* in reply.

It is neither a widow, nor an heir, who is now asking for a rigid construction of this will, but a mere trespasser, who shows no title whatever.

The whole current of American decisions is, that the probate of a will is conclusive, and cannot be collaterally inquired into. *Tarver* v. *Tarver,* 9 Peters, 180; *Poplin* v. *Hawke,* 8 New Hamp. 124.

These matters are required to appear of record.

The defendant objects, that there was no proof of the death of Davis. No certificate of the fact was necessary, but the fact *was* proved. The Court will not presume that the Pro-

bate Justice was guilty of fraud. The law requires him to perform certain duties, and he is presumed to have performed them, until the contrary is shown.

Neither was there any requirement that proof should be made in the county where the land was situated at the time of the execution of the will.

As regards the fact of death, the law does presume a man to be dead, if he is absent seven years.

A certified copy of the will is made evidence by the statute, it being a matter of record.

The case cited from the 12th of Ohio Reports has nothing to do with this case, and as to the decision in Pennsylvania, this Court will not recognize it, unless the Pennsylvania statute is before them.

The Opinion of the Court was delivered by

SCATES J.* *Ejectment* by the plaintiffs against the defendant in error.

The plaintiffs read in evidence an exemplification of a Patent from the United States to one Samuel Jaqueway, and a deed from Jaqueway to one Jesse Davis, for the premises in question. They then offered in evidence an exemplification of the will of said Davis, by which he devised the premises to one Joseph N. Creamer after the expiration of a life estate therein to Philip Creamer, bearing date the 15th day of April, 1817, and tested by Wm. Bridges and Thos. Foster, together with the probate thereof; from which it appears that on the 10th day of March, 1823, Thomas Foster appeared before John Hay, Judge of Probate of St. Clair county, and in vacation, and after being duly sworn, stated that he signed the will as a witness in the presence of the testator, and the testator signed it in his presence, being then of sound mind and memory; and that he was not present at the signing of the other witness. Afterwards, on the 5th day of April, 1823, and in vacation, one Philip Creamer, the executor of, and devisee for life of the premises, appeared

---

\* WILSON, C. J., did not sit in this case.

before said Judge of Probate, and stated upon oath, that that was the last will and testament of the said deceased. Then followed the certificate of the Judge of Probate, that the foregoing writing purporting to be the last will and testament of Jesse Davis, deceased, with the certificates thereunto written, was a true transcript of the original as recorded, and dated the 5th day of April, 1823. Letters testamentary were issued thereon the same day to Philip Creamer. The defendant objected to the reading of this in evidence, because the proof was not made according to law. The Court sustained the objection, and excluded it. This is assigned for error, and it is the only error that we deem important to be noticed.

The record no where shows when Jesse Davis died. If he died before March, 1819, the probate of the will should have been made according to the provisions of the Act of 1807, (Territorial Laws, 215, §32,) requiring " two or more credible witnesses, upon their solemn oath or affirmation, or by other legal proof," before the clerk of the Court of Common Pleas. The exemplification offered is not proved in this way, nor before that officer, and I therefore suppose that the testator was still living until after the Act of 1819. For by the last Act (Laws of 1819, 231, §22,) although the proof was made before the same officer, yet the Act required two witnesses to the will, and that two should declare on oath or affirmation that they were present and saw the testator sign the will, and in each other's presence, and that the testator was of sound mind and judgment. By the Act of 1821, (Laws of 1821, 119, 120, §§1 & 4,) a Court of Probate was established and vested with all the powers then possessed by the Court of Common Pleas. The proof of this will was made in 1823 before the Judge of Probate. The probate should have been made by two subscribing witnesses, according to the Act of 1819. Here it is made by one only. The other witness was not a subscribing witness to the will, and was also incompetent to be a witness, being devisee and executor. The Act of 1807 was not in force at the probate of this will; and we cannot presume

that " other legal proof" was offered, because no such proof could at that time have been received, not being provided for by the Act of 1819.    The probate contained in the exemplification shows how it was made, to wit: by the oath of Thomas Foster, a subscribing witness, and by the oath of Philip Creamer.    Foster does not state that the testator signed in the presence of the other witness, Bridges, nor that Bridges signed in his presence.    So the probate does not comply with the law of 1819.

It is answered to this objection, that the Probate Court is a Court of record, and its judgments and judicial orders are conclusive, and cannot be inquired into in collateral proceedings.    This is admitted as a principle, that judgments cannot.    But this act of taking proof of the execution of the will is a ministerial act.    It has been so treated in this Court in the case of *Ackless* v. *Seekright*, &c. Bre. 46, where the Court examined and decided upon the probate of a will on the trial of an ejectment, although the will had been proven before the proper tribunal.    Mr. Phillips lays down two modes of making proof of wills; one he calls the common mode, as where the executor produces and proves the will, without citing the parties interested; the other in form of law, as where the executor presents the will before the Judge, in the presence of the parties interested, and which, after full examination, is finally allowed.    1 Phil. Ev. 396–7. So, if it be proved in the common form, it may be disputed, but otherwise when established in form of law.    Ib.    Courts of Probate have exclusive jurisdiction over the personal estate, but have none over the realty.    Accordingly, another distinction has been taken, as to the effect of a probate, in the case of *Bogardus* v. *Clark*, 4 Paige, 625, that it is conclusive between the parties litigating it as to the personalty, but not even then as to the realty, for over that the Surrogate had no jurisdiction.    And in that case, the devisee was allowed to insist upon the validity of the will in relation to the realty, although it had been set aside upon an appeal from the Surrogate.

We are of opinion, that the probate under consideration

was a ministerial act done in the common form, but upon insufficient proof to establish its validity for devising lands, not having been proven by two subscribing witnesses, and to have been signed by the testator in their presence, and signed by them in each other's presence, and his. We are of opinion, that this will is insufficiently proven to pass the title to the land, and that it is competent for the defendant to object to it on that ground, on the trial in this ejectment. As the other evidence offered depended upon the admissibility of this will, it is unnecessary to notice any other question in this record. Judgment affirmed with cost.

*Judgment affirmed.*