W. H. AND JOS. DELAY AND LANSING STOUT, APPELLANTS, *v.*          |3   459|
W. W. CHAPMAN, ADMINISTRATOR, RESPONDENT.          |37  268|

*Appeal from Multnomah County.*

DONATION LAW.—HEIRS.—Under the donation law of 1850, upon the death of a settler upon public lands before the expiration of four years continued residence, etc., all *his right* in such lands descend to his heirs, named in such law; and proof of compliance with the requirements of that law up to the death of the settler, entitles those heirs to the patent for the land; and such proof must be made by those heirs, or some one for them.

IDEM.—The right of such settler in such lands at his death was not an absolute fee—it was an estate which he could not convey or encumber by contract or devise, and was not available to his creditors, and not subject to his debts in any way; and this is the estate which under that law is cast upon the heirs.

IDEM.—HEIRSHIP.—PURCHASE.—Before a patent can issue in such a case, the heirs must make the proofs required—they must get the fee by their own act; and such an obtaining is by purchase, and not by descent.

IDEM.—The patent gives to them a different estate from the one possessed by their ancestor. They can encumber, alien or devise it.

ADMINISTRATOR.—In the estate thus acquired, or to be acquired, by the heirs by purchase, the administrator has no right or interest, and in this case has right to defend the action.

THIS was originally an action at law brought by the plaintiffs, who are appellants here, to recover possession of certain lands patented by the United States to the heirs-at-law of Joseph and Sarah Delay, deceased. The defendant, as administrator of the estate of James L. Loring, filed an answer in equity, defending as such administrator, and setting up that, under the donation law, the patent should have been issued to the heirs-at-law of the said Loring, who, in his life time, claimed the premises under the law aforesaid, and who died in January, 1853, and praying that the patent might be canceled. The appellants having filed a replication it was tried on the issue thus made and the evidence of the parties, and a decree rendered in favor of the defendant in accordance with the prayer in his answer contained. From this decree the plaintiffs appeal to this court. The evidence adduced shows, that James L. Loring,

on the twelfth day of April, 1852, filed in the office of the surveyor general of Oregon, notice of settlement upon the land in question, under the act of Congress, approved September 27, 1850, granting donations to settlers upon public lands, and on the twentieth day of April, 1852, made his proof as required by the act; and that in the month of January, 1853, Loring died, before completing the four years residence, etc.   On the third of February, 1853, letters of administration were issued upon the estate of deceased to the defendant.   Four years after the death of Loring, March 10, 1857, the administrator made final proof of the settlement of deceased.   Before the death of Loring, Joseph Delay and his wife, claiming that Loring had abandoned the claim, settled upon the land in controversy, and made the necessary proofs of compliance with the act of September 27, 1850.   It appears by the evidence, that after a contest between Chapman, as administrator, and the Delays concerning the land, a patent was directed to be issued to the heirs of the Delays, which was accordingly done.

*Page & Thayer*, for appellants.

A patent, having been issued to a person, carries with it the presumption that all previous requisites of the law have been complied with.   (9 Cranch, 87; 18 Howard, 87; 13 Pet. 450.)

The code, as well as the old equity rule, requires the real party in interest to commence a suit.

That Chapman has no interest in the premises or in this suit.   No title had vested in Loring—none could vest—for the grant was upon conditions precedent to be performed. (2 Bac. Abr. p. 291, secs. 6 and 7, Don. Law.)

That the heirs of Loring would take as purchasers, and not as heirs.   (2 Paine C. C. R. 584; 19 N. Y. 384–90; 2 Denio, 23; 4 Mason, 489.)

The rule in Shelly's case does not apply:

1st.   Donation act changed the course of descent. (Deady, J., *Fields* v. *Squires*, pp. 32–35.)

2d.  The ancestor's estate was not a freehold.  (Green-leaf's Cruise, vol. 4, p. 307; 4 Kent, 220.)

3d.  Estate of ancestors and heirs are different.  (15 B. Monroe, 282; 1 Curtis C. C. R. 419.)

The ancestor took only an equity.  (5 Cranch, 191.)

The heirs, as purchasers, have an original title.  (4 Kent, 216; Black Com. p. 243.)

*W. W. Chapman* and *Mitchell, Dolph & Smith,* for respondent.

An administrator has the right to the possession of the real and personal estate of the decedent.  (Code, p. 334, sec. 10.)

Real and personal estate are chargeable with the debts and claims against the estate.  (Code, p. 354, sec. 11 and 421, sec. 1,028.)

When personal property insufficient to satisfy same, the real estate is made subject thereto.  (Code, 1855, p. 360, sec. 7; Id. p. 363, sec. 25; Id. 1862, p. 428, sec. 1,113.)

KELSAY, J.  The patent having issued to the heirs of Joseph and Sarah Delay, carries with it the presumption that all prerequisites of the law have been complied with by them.  (9 Cranch. 87; 18 How. S. C. Rep. 87.)  The defendant rests his right to the premises, and to have the patent canceled, on the ground that he is the administrator of the estate of Loring.  If Loring had at the time of his death an estate in the premises that could be reached by creditors, or that was subject to be administered upon, then the defense is good, otherwise it fails.  If there is a right in the heirs of Loring to the premises, and none subject to administration, *they* must be the parties in the suit to cancel and not the administrator.  One of the rules governing equity proceedings is, that every suit shall be prosecuted in the name of the real party in interest, except that an executor or an administrator, a trustee of an express trust, or a person expressly authorized to sue by statute, etc., may sue without joining with him the person for whose benefit the

suit is brought. (Civil Code, sec. 379.) Loring having died before the expiration of four years, continued possession required by the Act of Congress, the rights of his heirs depend on sec. 8 of the Donation Law (Code, page 88.) That section provides: "That upon the death of any settler before the expiration of the four years continued possession required by this act, all the rights of the deceased under this act, shall descend to the heirs at law of such settler, including the widow where one is left, in equal parts; and proof of the compliance with the conditions of this act up to the time of the death of such settler, shall be sufficient to entitle them to a patent." The rights the deceased had at the time of his death were limited by the 4th section of the Donation Law (Code, pp. 85, 86), which provides: "That all future contracts by any person or persons entitled to the benefit of this act, for the sale of the land to which he or they may be entitled to under this act before he or they have received a patent therefor, shall be void."(1) It is further provided in the 4th section, that, "in all cases where such married persons have complied with the provisions of this act so as to entitle them to the grant as above, provided, whether under the provisional government of Oregon, or since, and either shall have died before patent issues, the survivor, and children or heirs of the deceased, shall be entitled to the share or interest of the deceased in equal proportions, except where the deceased shall otherwise dispose of it by testament duly and properly executed according to the laws of Oregon." The deceased, at the time of his death, had no estate in the premises that he could convey or encumber by contract or devise, being prohibited by the above provision. The creditors of the deceased, in his lifetime, could not reach the land in any manner to secure the payment of their debts.

It is claimed on the part of the defendant, that Loring had in the land, up to the time of his death, a conditional fee, or estate in fee, liable to be defeated on failure to comply with conditions subsequent. Strictly speaking, and

---

1. The provision above quoted, was repealed.

Delay v. Chapman.

using words in their precise legal import, Loring did not have an estate in fee in the land liable to be defeated on failure to comply with conditions subsequent. Persons who have an estate of freehold subject to a condition, are seized, and may convey or devise the same, or transmit the inheritance, though the estate will continue defeasible. (4 Kent, 125.) It is a principle of law, that if the condition subsequent be possible at the time of making it, and becomes afterwards impossible to be complied with, either by the act of God, or of the law, or of the grantor, the estate of the grantee, being once vested, is not thereby divested, but becomes absolute without any act on the part of the heir. (4 Kent, 130; 2 Blackstone, 156, 157.) If the estate became absolute on the death of Loring (he being an unmarried man), then his heirs would take by descent, the law having cast the estate upon them immediately on the death of their ancestor. (2 Blackstone, 201, 202.) The 8th section of the Donation Law, provides that all the rights of the deceased under the act, shall descend to the heirs at law of such settler in equal parts; and also provides what proofs they, or some of them, must make before they get the fee. All the rights of the deceased, at the time of his death, in the premises, stopped far short of an absolute fee. Loring, as I have said, could neither encumber, alien, nor devise the land; nor could his creditors reach it for their debts. This is the estate which descended to the heirs of Loring, and nothing more.

It is claimed on the part of the plaintiffs, that the grant made by the fourth section, with the limitations contained in the eighth section of the donation law, creates an estate known in law as a conditional limitation; this position is also incorrect. A limitation marks the period which determines the estate, without any act on the part of him who has the next expectant interest. Upon the happening of the prescribed contingency, the estate first limited comes to an end at once, and the subsequent estate arises. A conditional limitation is of a mixed nature, partaking both of a condition and a limitation; of a condition, because it

defeats the estate previously granted, and of a limitation, because upon the happening of the contingency, the estate passes to the person having the next expectant interest, without entry or claim. (4 Kent, 127; 3 Gray, 147; 2 Blackstone, 155–6.) It is a principal of law in respect to real estate, that the fee must at all times be vested in some one —an abeyance of the fee is against the policy of the law. (2 Denio, 350; 1 Hilliard, Real Prop. 53, sec. 46–7.) The estate of the grantee under the act, previous to the completion of the prescribed four years' possession, is peculiar to the donation law.

It is provided in the eighth section, that proof of compliance with the conditions of the donation law up to the time of the death of such settler, shall be sufficient to entitle the heirs to a patent. This proof must be made by the heirs, or by some one of them, and until that shall have been done, the heirs will not be entitled to a patent. If the heirs of Loring are entitled to the land, they obtain it by purchase and not by descent; for the reason that they get the fee by their own act. There are only two ways of acquiring real property—one by descent, the other by purchase. If a person does not take as heir, he takes by purchase; no matter how he acquires it. (2 Blackstone, 241.) By the proof of the heirs, as provided in the eighth section, and the issue of the patent to them, they acquire in the land a new, inheritable quality which the ancestor did not own. They can incumber, alien, and devise the land. (2 Blackstone, 243.) This new estate, which is by the patent grafted upon the heirs of the ancestor, and which they could not take by descent from him, they must take by purchase, or as grantees. When proof is made under the eighth section by the heirs, then all the rights of the ancestor, in the land, clogged and hampered as it was in the ancestor's lifetime, descends to the heirs, together with all the estate in the land, and their title becomes absolute. A new inheritance is grafted upon them, of which they are the root, and not their ancestor. Certainly the heirs get an estate which the ancestor never had; hence they take by purchase and not

by descent. (15 B. Monroe, 314-15; 3 Washburn, Real Prop. page 6, sec. 4; Id. page 10, sec. 13.) If the heirs of Loring are entitled to the land, they acquire the title by purchase, and the defendant, as administrator, has no right, title or interest whatever in the land, and no right to defend this action.

The judgment of the court below must be reversed.