CHESTER G. MICKEL V. THEODORE E. HICKS.

1. ADMINISTRATOR'S SALES *of Real Property; Jurisdiction; Notice to Heirs.* Proceedings for the sale by an administrator of the real estate of the decedent are not proceedings *in rem*, but are, so far as the heirs are concerned, adversary; and notice to them is jurisdictional.

2. SERVICE OF NOTICE; *Finding of "Due Service."* A general finding or recital in a judgment or order of a court of record, of due service of process, or notice, is limited by and restricted to the process or notice, if any there be, actually found in the record; and the validity of the judgment or order will depend on the sufficiency of such process or notice and the service thereof.

3. NOTICE PRESCRIBED BY STATUTE, *Must be Given.* Where the statute provides that notice shall be given in such form and manner as the court shall prescribe, no mere constructive notice will be sufficient, unless made in the form and manner by the court prescribed.

4. —— —— *Construction of Record.* Where notice can only be given in a form and manner to be prescribed by the court, and where the record contains an order prescribing such form and manner, but the notice itself is lost or destroyed, it will be presumed that the only notice which was in fact given was one following the form and manner prescribed.

### Error from Chase District Court.

MICKEL, a minor, by Thomas Gordon, his guardian, brought ejectment against *Hicks* and wife, to recover possession of the N. ½ of the N.E. ¼ of section 12, township 17, range 12 east, being eighty acres of land in Lyon county, and also to recover for the rents and profits of said lands for three years next before the commencement of the suit. Plaintiff claimed as owner in fee simple, as heir-at-law of Zilpha A. Mickel. *Hicks* admitted possession, and claimed title in fee simple under and in virtue of an administrator's sale and deed, made (pursuant to an order of the probate court of Lyon county) by Wm. H. Mickel as administrator of the estate of Zilpha A. Mickel, deceased. The action was commenced in the district court of Lyon county, and was there tried in March 1872, and was thereafter taken, upon change of venue, to Chase county, where a second trial was had at

the October Term 1874. Findings and judgment in favor of defendants, and plaintiff brings the case here for review.

*Gillett & Forde,* for plaintiff.

*Ruggles, Scott & Lynn,* for defendants.

The opinion of the court was delivered by

BREWER, J.: The question in this case is, as to the validity of an administrator's sale. Its validity is challenged on two grounds: 1st, the insufficiency of the petition for the sale of the real estate; and 2d, the invalidity of the notice given of the application for order of sale. Passing by the first, we shall notice the second ground of attack. And here it may be remarked, that as these proceedings are attacked collaterally, a want of jurisdiction must be shown, and no mere matters of error are sufficient to invalidate the sale. This is conceded by counsel. Now as to the notice. Section 131 of the administrator's act of 1859, (Comp. Laws 1862, p. 531,) provides, that "when such petition (that is, the petition for the sale,) and such accounts, lists, and inventories shall be filed, the court shall order that all persons interested in the estate be notified thereof, and unless the contrary be shown on the first day of the *next term* of the court, an order will be made for the sale," etc. "Such notice shall be published for six weeks," etc., "or by ten handbills," etc., "*in the discretion of the probate court.*" On the records of the probate court appears this entry:

"IN PROBATE COURT OF LYON COUNTY, *January 2d, 1866, January Term.*

"In the matter of the estate of Zilpha A. Mickel, deceased, Wm. H. Mickel, administrator.

"Now comes said administrator, by Wm. T. Galliher, and files petition asking for an order to sell the real estate of said deceased to pay the debts of said estate. In consideration whereof, *it is ordered,* that all persons interested in said estate be notified by publication *six weeks in the Emporia News,*" etc.; "that unless the contrary be shown on the first Monday in February of this term of court, an order will be made," etc.

And on 5th February 1866, appears the following:

"Now comes the said administrator, and the petition for the sale of real estate of deceased to pay debts being for hearing, and no cause being shown why said petition should not be granted, after *due notice* of the proceedings thereof *given by publication*," etc., "and it appearing to the court that there is not sufficient personal property to pay the debts," etc., "a sale is ordered."

So that this notice was ordered by the court on the 2d of January 1866, at the January term, to be published in the Emporia News for six weeks, that unless the contrary appeared on the first Monday of February of the *same* term of court, the order for sale would be granted, etc. The first Monday of February was the 5th, and the day when the order of sale was made to the administrator, and under which he made this sale. Upon this counsel argue, that the statute required that the notice if published should be for six weeks, if by handbills they should be put up twenty days before the term at which the petition was to be presented, and it authorized the probate court in its discretion to cause notice to be given in either manner. The probate court exercised that discretion by ordering the publication in the Emporia News for six weeks. Having exercised that discretion, notice could be given only in the manner ordered, and the notice ordered was insufficient for two reasons: 1st, it was an impossibility for notice to be published for six weeks between January 2d and February 5th, less than five weeks of time actually intervening; and 2d, the notice was of an application to be made at the *same* when it should have been at the *next* term. (Probate courts then as now held but four regular terms annually, commencing on the first Mondays of January, April, July, and October respectively.) To this it is replied, that very likely there is a mistake in the date of this order of publication — either that the journal entry was made under a wrong heading, or that the order was in fact made several days before it was entered — and the language of the entry is referred to as evidence of this, for it reads, "Now comes said administrator * * * and *files* petition;" and the indorse-

ment on the back of the petition, as well as entries on another docket, show that the petition was filed on the 9th of December prior. But aside from the rule, that we must take the record as it is, rather than as we think it ought to be, the language of the order is conclusive against any such mistake. It reads, "first Monday in February of *this* term." And as the term commenced January 1st, and the order appears of date January 2d, it could not have been made but one day earlier, and "*this* term" been applicable. Again it is said, that as the petition was filed December 9th, publication of notice may have commenced immediately; that ample time intervened between the filing of the petition and the order of sale for publication in either manner authorized by the statute; that on February 5th, the probate court found that such publication had actually been made, and approved it, and that this subsequent approval is equivalent to a prior order, and that the recital in the order of "due notice" is a judicial finding, and *prima facie* evidence of such due notice, and, as the notice itself and proof of publication are gone, conclusive evidence thereof. With this view the order of January 2d may be entirely disregarded, and jurisdiction sustained upon the finding of "due notice," and the time of filing the petition. To this it is replied, that a finding of due notice, if a general finding, as this is, is always limited by and construed as referring to the actual notice found in the record; that no notice could be given in either manner until the court had first determined which should be pursued; that it did so determine, and that although the notice itself may be gone, yet it must be presumed to have started from and been controlled by the only order in reference thereto found in the record.

The question is not free from difficulty, and the members of this court do not agree in their views. The writer of this opinion is inclined to regard with favor the first of the above lines of argument, and to consider the order of sale as beyond successful attack, while the other members of the court yield their assent to the propositions last stated, and hold the

order made without due notice, and therefore void. It is essential to jurisdiction of the person that there be notice. A finding of notice is at best but *prima facie* evidence of notice. If an attempt at notice appears in the record, the finding, if a general one, refers to and is limited by such attempted notice. If that be fatally defective, there is no presumption of notice in other or better way. Where the court determines what kind of notice must be given, no right to give any notice exists until the court has made its determination. A determination of that kind does not relate back, so as to ratify unauthorized acts of notice. There is in the entry in this case directing notice nothing in terms or effect like a *nunc pro tunc* order. It operates only in the future; it purports to be only for the future. A notice, without an order prescribing the manner thereof, has no force. If there be an order, the notice must follow the order; and if the order prescribe an impossible or illegal notice, neither order nor notice is of any force, and though the notice be gone the order proves the invalidity of both. Tried by these propositions, the court is of opinion that the order of sale was made without any proper service of notice, and is therefore void. *Valle v. Fleming*, 19 Mo. 454; *Sibley v. Waffle*, 16 N. Y. 180.

But we are met by the further claim that these proceedings for the sale of the real estate of decedents are proceedings *in rem*, and that therefore so far as any question of jurisdiction is concerned it is immaterial whether sufficient or indeed any notice was given; that the provision requiring notice is directory, and that no defect therein affects the jurisdiction. Are these proceedings for the sale of the real estate of decedents proceedings *in rem?* An examination of the authorities discloses a wonderful disagreement. See, among many, the following, holding that they are: *Grignon, Lessee, v. Astor*, 2 How. U. S. 319; *Mohr v. Manierre*, 9 Chicago Legal News, 270; *Sheldon v. Newton*, 3 Ohio St. 494, containing a strong argument by Ranney, J.; *Benson v. Ally*, 8 Ohio St. 604. And these, the contrary: *Gibbs v. Shaw*, 17 Wis. 197; *Good v. Norley*, 28 Iowa, 188, opinion by Beck, J.; *Morris v. Hoyle*,

37 Ill. 150; *Sibley* v. *Waffle*, 16 N. Y. 180. The argument in favor of the affirmative is in brief, that the administrator represents the estate, and has its property in his possession; that when the court appoints him it gives him possession and charge of all of decedent's property; that it is optional with the legislature to provide for the sale of the personal or the real estate first; that in certain instances it has authorized the prior sale of the real estate; (Comp. Laws, 531, § 133;) that a sale of the personal estate is made without notice of an application for an order, and even without any order, and that the same provision might have been made for the sale of the real estate; and that as the administrator has possession of the real estate as of other property, notice to other parties when required is to be regarded as directory, but as in no manner affecting the jurisdiction of the court in ordering the administrator to sell the property he has in his possession. On the other hand it is said, that the administrator has no possession of the real estate except when specially ordered by the court; that the title and possession, and right of possession, pass immediately to the heirs, subject to be divested only by the special order directing a lease, or sale; that as the heirs have the title, the possession, and right of possession, a proceeding to divest them of these must in the nature of things be adversary; that it is of ancient law that the title and possession of real estate passes to the heir, of personal to the executor or administrator; that an order to the latter to sell personal property may well be a proceeding *in rem*, as it is an order for the sale of that of which he has both the legal title and the possession, while an order to him to sell real estate, of which he has neither title nor possession, must in the nature of things be, as to those holding both title and possession, adversary. We do not care to enter into any lengthy discussion of this question, which has been so fully discussed in the cases we have cited, as well as in many others. We shall content ourselves with expressing our adherence to the views of those courts which hold the proceeding adversary, so far as the heirs are concerned, and notice to them jurisdic-

tional. Briefly, we·may say that the title and possession of real estaté pass immediately to the heirs; that it is not sold as of course, but only when necessary to pay debts; that until that fact is judicially established, the heirs may not be divested of their title, and before one is divested of title to property he ought to have his day in court; that the appointment of an administrator does not bring the heir into court; that he must be·brought in, if brought in at all, by special notice; that as the heir ought to have notice, the·legislature has required notice; and that a requirement so wise and just ought not to be weakened or annulled by judicial construction. Further, we may add, that the waste of estates in settlements is proverbial, and that provisions checking hasty sales, and requiring notice to parties interested, tend to diminish the waste, and their salutary effect ought not to be destroyed. While therefore judicial sales ought to be upheld as against any mere errors, yet it is not too much to require purchasers at such sales to examine the records so far as to see that the adverse parties received proper notice of the proceedings, and had therefore the opportunity to contest them.

For the error above indicated, and without pursuing this discussion further, the judgment of the district court must be reversed, and the case remanded for a new trial.

All the Justices concurring.