## George H. Coulson v. Carrie E. Wing *et al.*

1. PATENT *to Heirs of Deceased — Void Sale of Land.* Where a patent to land is issued to the heirs of a deceased person, such land does not become a part of the estate of the deceased, and cannot be sold under an order of the probate court to pay the debts of the decedent. Such sale is a nullity, and the purchaser thereat and those claiming under him acquire no title to the land. (*Rogers v. Clemmans,* 26 Kas. 522.)

2. MONEY ADVANCED, *No Lien on Land.* The head of a family made entry upon public land, and died before final proof. After her death her administrator advanced the money and paid the government for the land, and obtained a patent to it for her heirs. Subsequently he obtained an order from the probate court to sell the land to repay him. *Held,* The money so advanced was not a lien upon the land; and *further held,* that no title thereto passed by a sale under such order. (*Black v. Dressell's Heirs,* 20 Kas. 153.)

3. PARTIES — *Waiver of Defect.* Where a defect of parties is not apparent on the face of a petition, and is not taken advantage of by answer, it is waived.

*Error from Harper District Court.*

EJECTMENT. Judgment for the plaintiffs *Wing* and four others, at the January term, 1887. The defendant *Coulson* brings the case here. The facts are stated in the opinion.

*Love & Snelling,* for plaintiffs in error.

*Shepard, Grove & Shepard,* for defendants in error.

Opinion by HOLT, C.: In the spring of 1879 Sophia C. H. Martin settled on the west half of the northwest quarter of section 25 and the east half of the northwest quarter of section 26, in township 33 south, range 6 west, in Harper county, Kansas. This land was then a part of the Osage trust land, and she settled upon it to secure it under the preëmption laws of the United States. She resided thereon until her death, April 25, 1880. On the 6th of May, 1880, one A. G. Everett was duly appointed administrator of her estate. Afterward, on October 5, the said administrator duly entered the land in the name of and for the benefit of said Sophia C. H. Martin's heirs, and soon after obtained a patent conveying the said land "unto the said heirs of Sophia C. H. Martin, deceased, and to their heirs." Shortly afterward the said administrator applied to the probate court of Harper county for leave to sell said land for the payment of the debts of the estate of Sophia C. H. Martin, and notified all of these plaintiffs, as her heirs, of such application. The probate court, after hearing testimony, directed this property to be sold to pay the debts of the estate, and it was accordingly sold to James L. Vickers, who, on the 13th of October, 1881, conveyed it to George H. Coulson, plaintiff in error. The defendants in error filed their petition in ejectment against him in the Harper district court, on the 24th day of January, 1886. They are the children, and all the children, of Sophia C. H. Martin, deceased. The defendant filed a general denial, and in addition set forth the facts as detailed above, by which he acquired possession of the land. The action was tried in the Harper district court

at the January term, 1887, and a judgment rendered in favor of the plaintiffs for the possession of the land.

We think the judgment of the court below was correct. The defendant had no valid title to the land; the proceedings of the probate court under which this land was sold were absolutely null and void, and conveyed no title whatever in the land as against the heirs of Mrs. Martin. This tract was never her property during her lifetime, nor did it become a part of her estate after her death; the patent conveyed the land to her heirs, not to her. Chief Justice HORTON, in *Rogers v. Clemmans*, 26 Kas. 522, speaking for the court in a similar case, said:

"The title to the land was derived by the heirs-at-law under the act of congress directly from the United States. They did not take it from the decedent, subject to the debts and costs of administration. They had the right to convey and give possession as grantees of the United States, and any attempted sale made by the administrator of the estate of Charles Mayo, deceased, was an absolute nullity, and no title was communicated thereby to any purchaser. As the land was no part of the estate of the decedent, the probate court had no power to make any order to sell the same for the debts of the estate, or for the costs of administration. The proceedings to subject this land so patented by the United States to the heirs of Charles Mayo, deceased, to pay the debts of such deceased, were not only without authority of law, but absolutely null and void, as the probate court had no jurisdiction over the land and property so patented to the minors. While the probate court has, by the constitution and statutes, jurisdiction over the settlement of estates of deceased persons, and upon due proceedings may subject the personal and real property thereof to the payment of the debts of the decedent, and also the costs of administration, it has no authority to reach out and dispose of property belonging to the heirs of a decedent which is in no respect subject to the debts or liabilities of such decedent. While the probate court has jurisdiction to hear and determine all applications made by administrators to sell the real estate of their decedents which is liable to sale, and while this necessarily involves the power of determining whether in any particular case the real estate sought to be sold is liable or not, yet where it appears from all the proceedings

that the land is no part of the estate, and no way subject to the debts of the decedent, jurisdiction is not obtained. In this case the proceedings had before the probate court on January 7, 1863, granting the sale of the lands, show upon their face that the lands were preëmpted after the death of the intestate; therefore the probate court had no authority to treat them as a part of the estate, or to sell or otherwise dispose of them."

In that case the heirs of the deceased were not notified of the proceedings in the probate court — in this case they were; yet we think that is immaterial. The probate court had no jurisdiction whatever over the property in question; it never belonged to Mrs. Martin, nor was it a part of her estate in any way. (*Delay v. Chapman*, 3 Ore. 459.)

It is claimed further that the debt of the estate for which this land was sold, was incurred by the administrator to obtain the money to pay out this land in controversy; this would not change the rule enunciated above. (*Black v. Dressell's Heirs*, 20 Kas. 153.) He obtained no order from the probate court to borrow the money; in fact it would not have been in the power of the probate court to make such an order; he had under the law. no right to incumber the estate by borrowing money for the purpose of paying out on this land.

The defendant claims, however, that there was a defect of parties. This was not raised by demurrer, (it could not have been, to the petition filed in this case,) nor by the answer. It was sought, however, on the trial to prove that Sophia C. H. Martin at the date of her death was a married woman, and therefore that her husband would be one of her heirs, and the failure to join him as a party plaintiff in this action would be such a defect of parties that they could not recover. The defendant alleges that the refusal of the court to allow them to prove that Mrs. Martin was a married woman at the time of her death was error. We think that the question of defect of parties cannot be raised in the introduction of evidence. Our statute provides (Civil Code, §§ 89 and 91) that if a defect of parties plaintiff or defendant does not appear upon the face of the petition, the objection may be taken by answer; and if

no objection be taken either by demurrer or by answer, the defendant shall be deemed to have waived the same. There was nothing in the answer to indicate there was a defect of parties. (*K. P. Rly. Co. v. Nichols*, 9 Kas. 235; *Parker v. Wiggins*, 10 id. 420; *Humphreys v. Keith*, 11 id. 108; *Seip v. Tighlman*, 23 id. 289; *Jeffers v. Forbes*, 28 id. 174; *Thomas v. Reynolds*, 29 id. 304.) In any event these parties were tenants in common. (*Markoe v. Wakeman*, 107 Ill. 251; *Tarrant v. Swain*, 15 Kas. 146; Freeman, Cot. and Part., §§ 86 and 92.) As tenants in common they had the right to bring this action against one who had no title, even though the other tenants in common were not joined in the action. (*Robinson v. Roberts*, 31 Conn. 145; *Sherin v. Larson*, 28 Minn. 523; *Weese v. Barker*, 7 Col. 178; *Sharon v. Davidson*, 4 Nev. 419; *Perkins v. Blood*, 36 Vt. 273; *Hart v. Robertson*, 21 Cal. 346; *Treat v. Reilly*, 35 id. 131.)

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.