No. 19,418.

VIRGINIA LEE BYERLY, *Appellant,* V. ROBERT EADIE et al., *Appellees.*

SYLLABUS BY THE COURT.

1. PROBATE COURT—*Limited Jurisdiction—Can Not Determine Questions of Title.* Probate courts are courts of limited jurisdiction and can not determine questions of title so as to conclude persons claiming adversely to the estate. Their power to decide what shall be done with property owned by a deceased person does not include the power to decide what property the deceased owned.

2. LIMITATION OF ACTIONS — *Five-year Statute of Limitations Does Not Apply.* The five-year statute (Civ. Code, § 15, subdiv. 2) was never intended to bar an action brought to recover real estate by one who claims title from a source paramount and superior to an administrator's deed.

3. SAME. The heir or devisee having a title paramount to, independent of and separate from that claimed by the decedent may bring an action to quiet title or to recover possession. irrespective of the five-year statute.

4. LAND—*Patented to Heirs of Deceased—No Part of Deceased's Estate.* Where a patent to land has been issued by the United States government to the heirs of a deceased person, the land becomes no part of the estate of the deceased and can not be sold by order of the probate court to pay his debts or the costs and charges of the administration. (*Rogers v. Clemmans,* 26 Kan. 522; *Coulson v. Wing,* 42 Kan. 507, 22 Pac. 570.)

Appeal from Greeley district court; ALBERT S. FOULKS, judge. Opinion filed May 8, 1915. Reversed.

*Clement L. Wilson,* of Tribune, and *Mayo Thomas,* of Elkhart, for the appellant.

*W. M. Glenn,* of Tribune, for the appellees.

The opinion of the court was delivered by

PORTER, J.: This is an action to quiet title to 160 acres of land in Greeley county. There was judgment in favor of the defendant, and the plaintiff appeals.

The plaintiff, Virginia Lee Byerly, claims title by conveyances from the heirs of Abram Post, deceased. The defendant claims under conveyances from Robert Eadie who was the purchaser at an administrator's sale of the land. The plaintiff's title is good unless extinguished by the administrator's deed. Abram Post in his lifetime filed upon the land and died July 21, 1897, before making final proof. On the first day of March, 1904, the land was patented by the United States to his heirs, pursuant to an act of congress approved May 20, 1862, and acts supplemental thereto. The patent conveyed the land directly to the heirs of Abram Post. On December 24, 1904, James Hurt was appointed by the probate court of Greeley county administrator of the estate of Abram Post, deceased, and duly qualified as such. Thereafter, on the 8th day of April, 1905, he made application to the probate court to sell the land in question to pay the debts of the deceased and the charges and costs of administration. Pursuant to an order of the probate court the land was sold at the administrator's sale to Robert Eadie for the sum of $210.20. The sale was duly confirmed and the administrator's deed executed and filed for record.

The only question involved in the case is whether the five-year statute of limitations bars the right of the heirs of Abram Post or the devisee of those heirs to recover the land. The statute provides that an action for

the recovery of real property sold by an administrator upon an order or judgment of a court directing such sale shall be brought within five years after the date of the recording of the deed made in pursuance of the sale. (Civ. Code, § 15, subdiv. 2.)   The trial court held the action barred.

In *Young v. Walker,* 26 Kan. 242, the court held that the purpose of the statute was to cure administrator's deeds which would be otherwise void, and it was assumed in the opinion for the purposes of the case that "except for the statute of limitations, the administrator's deed would be void" (p. 249), and it was said:

"Of course the statute of limitations must have some use.   It was not enacted for the purpose of curing administrators' deeds which were already good.   It was really enacted for the purpose of curing administrator's deeds which would otherwise be void."   (p. 250.)

The decision was followed in *Corby v. Moran,* 58 Kan. 278, 281, 49 Pac. 82, and was again approved in a recent case after a quite full and exhaustive consideration of the subject.   (*O'Keefe v. Behrens,* 73 Kan. 469, 85 Pac. 555.)   In the opinion in the latter case it was said:

"After an administrator's deed made pursuant to an order or judgment of the proper court directing a sale has been placed of record heirs must sue to recover the property within five years, or be deemed to have admitted the validity of the sale and conveyance, whether they had notice of the proceedings or not. After the expiration of that time the purchaser can not be called upon to vindicate their legality."   (p. 474.)

But can it be said that the doctrine of these cases applies to a situation like that arising in the present case?   Under the patent issued to the heirs of Abram Post, the heirs, who were the grantors of the plaintiff in this case, took the title directly from the government and not under the laws of descents and distributions of Kansas, although it has been held by this court in

*Caldwell v. Miller,* 44 Kan. 12, 23 Pac. 946, that the word "heirs" in the patent "is to be construed with reference to the laws of this state; and whoever, under the laws of this state, would have inherited from the deceased preëmptor, are the persons to whose benefit the land granted by the patent inures." . (Syl. ¶ 1.)

It has been repeatedly held by this court that where a patent to the land has been issued by the United States government to the heirs of a deceased person, the land becomes no part of the estate of the deceased and it can not be sold by order of the probate court to pay his debts or the costs and charges of administration. (*Rogers v. Clemmans,* 26 Kan. 522; *Coulson v. Wing,* 42 Kan. 507, 22 Pac. 570.)    Equity has nothing to do with the matter.    In *Rogers v. Clemmans,* supra, it was held that the probate court has no authority to sell the land patented to the heirs even for the purpose of reimbursing the estate for moneys used by the administrator to consummate the preëmption.    In both *Coulson v. Wing,* supra, and *Rogers v. Clemmans,* supra, it is held that the administrator's sale is a nullity and that the purchaser and those claiming under him acquire no title to the land.    To the same effect are *Bernier v. Bernier,* 147 U. S. 242; *Davenport v. Lamb,* 80 U. S. 418, 427; and *Wittenbrock v. Wheadon,* 128 Cal. 150, 60 Pac. 664.

The probate court is a court of limited jurisdiction. (*Carr v. Catlin,* 13 Kan. 393, 404.)    The constitution provides:

"There shall be a probate court in each county, which shall be a court of record, and have such probate jurisdiction and care of estates of deceased persons, minors, and persons of unsound minds, as may be prescribed by law, and shall have jurisdiction in cases of habeas corpus." (Const., art. 3, § 8.)

The probate court had jurisdiction of any estate left by Abram Post, but the title to this land was never in Abram Post.    The title rested in the United States

until after his death, and then the government conveyed it directly to certain persons who are described as his heirs. In actions involving title or interest in real estate probate courts, except where the constitution of the state gives them general jurisdiction, have no power or jurisdiction to determine the title to realty. In *Cooper v. Armstrong*, 3 Kan. 78, it was held:

"On an application for the sale of real estate of a decedent to pay debts, the Probate Court can not try the title to the land. . . . The District Court, on appeal, has no greater power." (Syl. ¶ 2, 2d ed.)

The question was suggested in the opinion in *Powers v. Scharling*, 76 Kan. 855, 92 Pac. 1099, but the decision of it was not deemed necessary in that case. In the opinion it was said:

"The usual rule is that probate courts can not determine questions of title so as to conclude persons claiming adversely to the estate—that the power to decide what shall be done with property owned by a decedent does not include the power to decide what property the decedent owned. (11 Cyc. 796; 18 Cyc. 745; 11 A. & E. Encycl. of L. 1094; *Stewart v. Lohr*, 1 Wash. 341, 25 Pac. 457, 22 Am. St. Rep. 150; Matter of Will of Walker, 136 N. Y. 20, 32 N. E. 633.)" (p. 858.)

In *Stewart v. Lohr*, 1 Wash. 341, 25 Pac. 457, one of the cases cited in the opinion, it was said:

"For while it is true that the probate court has jurisdiction to determine the claims to property as between those interested in the estate, this authority only goes to the extent of determining their relative interests as derived from the estate, and not to an interest claimed adversely thereto." (p. 343.)

In that case the person claiming adversely to the estate was the husband of the deceased party, but it was held that this made no difference; that "the husband, though interested in the estate of his deceased wife, was, so far as the claim he was attempting to assert, an entire stranger thereto" (p. 343), citing *Budd v.*

*Hiler,* 27 N. J. Law, 43.  To the same general effect see *Ferguson et al. v. Hunter,* 7 Ill. 657; *Stewart and wife et al. v. Pattison's Exc'r, et al.,* 8 Gill (Md.), 46; *Hayden v. Burch et al.,* 9 Gill (Md.), 79.  In *J. W. Hollman v. W. W. Bennett et al.,* 44 Miss. 322, it has been held that probate courts have no constitutional or inherent jurisdiction over land for any purpose whatever, but only such special conditional power as is expressly conferred by statute.  (See, also, *Shield's Appeal,* 20 Pa. St. 291; *Emeline Porter v. Wiley Woodard,* 45 Tenn. 86; *Bradley v. Love,* 60 Tex. 472; *Mobley v. Andrews,* 55 Ark. 222, 17 S. W. 805; *In Matter of Estate of James,* 23 Cal. 415; *In re Gilmore,* 81 Cal. 240, 22 Pac. 655; *Homer's Appeal from Probate,* 35 Conn. 113.)

The statute limits the jurisdiction of probate courts to the estates of persons who are dead, or who are minors or persons of unsound mind.  It has no jurisdiction over the estate of a living person, except the person be a minor or of unsound mind.  If, after the appointment of the administrator and after the sale of the real estate, it is discovered that the person for whose estate the administrator was appointed is not dead but is living, the whole proceedings are absolutely void and the purchaser at such a sale acquires no title. (*Scott v. McNeal,* 154 U. S. 34.)    In the opinion in that case it was said:

"All proceedings of such courts in the probate of wills and the granting of administrations depend upon the fact that a person is dead, and are null and void if he is alive.  Their jurisdiction in this respect being limited to the estates of deceased persons, they have no jurisdiction whatever to administer and dispose of the estates of living persons of full age and sound mind, or to determine that a living man is dead and thereupon undertake to dispose of his estate."   (p. 48.)

It was held in *Mickel v. Hicks,* 19 Kan. 578, that proceedings for the sale of the real estate of decedents are not proceedings *in rem.*   In the opinion in *Scott v.*

*McNeal,* supra, the supreme court of the United States said:

"Even a judgment in proceedings strictly *in rem* . . . is wholly void, if a fact essential to the jurisdiction of the court did not exist." (p. 46.)

In the present case the probate court lacked jurisdiction of the subject matter, viz., the real estate. In every case decided by this court where actions to set aside administrator's, executor's or guardian's deeds have been held barred by the five-year statute it was conceded on all sides that the real estate belonged to the deceased person or to the ward. (*Mickel v. Hicks,* supra; *Young v. Walker,* 26 Kan. 242; *Howbert v. Heyle,* 47 Kan. 58, 27 Pac. 116; *Higgins v. Reed,* 48 Kan. 272, 29 Pac. 389; *O'Keefe v. Behrens,* 73 Kan. 469, 85 Pac. 555.)

The five-year statute (Civ. Code, § 15, subdiv. 2), was never intended to bar an action brought to recover real estate by one who claims title from a source foreign and superior to the administrator's, executor's or guardian's deed. The heir or devisee may have a title paramount to, independent of and separate from that claimed by the decedent or by the ward. A careful examination of the language of the statute itself shows that the statute can not apply to a situation such as is presented by the present case. The action which is barred must be brought by an heir or devisee of the deceased person, or the ward or his guardian, or some person "claiming under any or either of them, by title acquired after the date of the judgment or order." (Civ. Code, § 15, subdiv. 2.) It is quite clear that this can not apply to an action brought by the heir or his devisee who sues to recover the possession of the real property under a title held by him independent of that claimed to have been held by the deceased person or the ward, or who seeks to quiet such a title. The plaintiff in such an action is not concerned with the question whether the proceedings under which the admin-

istrator, executor or guardian sold and conveyed the land are regular or irregular, void or voidable. He claims under a title paramount to that of the deceased person or of the ward.

In this action to quiet title the plaintiff relies upon a title running from the United States government to the heirs of Abram Post and from the heirs direct to her, and is not seeking to set aside the administrator's deed. It is regular on its face, and it could not be set aside for any mere irregularity in the proceedings, such as notice to the heirs, etc., but it furnishes no defense to the plaintiff's cause of action for the reason that it starts nowhere and gets nowhere. The superior title is in the plaintiff, starting from the government. Conceding that it is too late to set aside the administrator's deed for irregularities in the proceedings or lack of jurisdiction of the persons, nevertheless, because Abram Post never owned the land and it was never liable to be sold for his debts, the purchaser acquired no title whatever by virtue of the sale. (*Rogers v. Clemmans*, 26 Kan. 522; *Coulson v. Wing*, 42 Kan. 507, 22 Pac. 570.)

It follows that the judgment must be reversed and the cause remanded with direction to enter judgment for plaintiff.