Crapster v. Taylor.

CAROLINE L. CRAPSTER *et al.* V. WILLIAM M. TAYLOR.

No. 14,780.    (87 Pac. 1138.)

SYLLABUS BY THE COURT.

1. JUDICIAL SALE—*Interest of an Infant—Void for Want of Notice.* An infant two months old cannot be devested of real estate to which he owns the fee-simple title by a judicial proceeding to which he was not a party, of which he had no notice, and in which he was not represented by guardian or otherwise.

2. ———— *Recovery of Land by Infant—Limitation of Action.* Lands sold under such a proceeding may be recovered in a suit brought for that purpose, if the suit be commenced within two years after the infant owner reaches the age of majority.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed December 8, 1906. Reversed.

*Hackney & Lafferty,* for plaintiffs in error.

*G. H. Buckman,* and *Grant Stafford,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This suit was commenced in the district court of Cowley county by the defendant in error, May 14, 1903, to quiet his title to the real estate in controversy. The plaintiffs in error claimed to own the land, and in a cross-petition asked for possession thereof and a judgment against the defendant in error for rents and profits.

Soranus L. Brettun, from whom all parties claim title, owned the land in question, and at his death disposed of the same by will. He devised a life-estate therein to his widow and two grandchildren, Brettun Crapster and Caroline Louisa Crapster, with remainder in fee to the children of his grandchildren. Plaintiffs in error Caroline L. Crapster and Bretta V. Crapster

are minor children of Brettun Crapster, and plaintiffs in error Milton A. Bangs, Margaret E. Bangs, Ruth T. Bangs and Phyllis G. Bangs are minor children of Caroline Louisa Crapster, who married A. C. Bangs.

October 11, 1883, the executors of the will of Soranus L. Brettun filed a petition in the probate court asking for an order to sell the real estate in controversy for the purpose of paying the debts of the testator. The order was granted November 9, 1883, the land sold thereunder and conveyed by the executors to one Kerns, who sold to the defendant in error, and his title depends upon the validity of such sale.

At the time the executors filed their petition to sell plaintiff in error Milton A. Bangs was about two months old; his coplaintiffs in error were all born since that time. No notice was given to Milton A. Bangs of the petition or proceedings to sell; no guardian or other person was served with notice as his representative, and no person appeared in his behalf; in fact, it was not supposed at the time that he had any right to, or interest in, the land. It is claimed by the plaintiffs in error that this failure to notify the infant, either personally or otherwise, made the sale and conveyance under which the defendant in error holds void, as against the rights of the plaintiffs in error. Whether such sale is valid or not is the only question presented.

It is settled law in this state that the sale of real estate in the probate court by executors or administraors for the payment of debts is an adversary proceeding, and notice to the owner of the land to be sold is jurisdictional. (*Mickel v. Hicks,* 19 Kan. 578, 21 Am. Rep. 161; *Fudge v. Fudge,* 23 Kan. 416, 418; *Rogers v. Clemmans,* 26 Kan. 522, 527; *C. K. & N. Rly. Co. v. Cook,* 43 Kan. 83, 22 Pac. 988.) It is also settled that a judgment without notice is a nullity and is open to attack collaterally. (*Rogers v. Clemmans, supra; Kelso v. Norton, ante,* p. 442.) The statute which prescribes the kind and manner of notice to be given in such cases

is found in section 2923 of the General Statutes of 1901, which reads:

"The court shall require notice of the petition, and of the time and place of hearing the same, to be given for such length of time and in such manner as the court may see proper."

The order made by the court in this case reads:

"It is ordered that said petition come on for final hearing on the 29th day of October, A. D. 1883, at the hour of ten o'clock A. M., at the probate court-room in the county aforesaid, the said day being one of the days of the October, 1883, term of said court, and that said executors notify the heirs at law, and all others interested, of the pendency of said petition, the time and place set for the hearing thereof (and that unless the contrary be made to appear an order will be granted for such sale), by causing to be served personally upon Brettun Crapster and Louise C. Bangs, sole heirs at law (besides said executors of said decedent, and both of said heirs being residents of Cowley county, Kansas), a true copy of their petition herein filed, together with notice in writing of the time and place where the same will be heard. Service to be had at least three days prior to the time herein appointed for such hearing in said county."

The order approving service of notice reads:

"It is found that the heirs at law of said decedent have been served with a true copy of said petition and notice of the time when the same would be heard. Service being acknowledged on the back of said original petition by Brettun Crapster and Louise Bangs, the other heirs being the executors of said estate, said notice being in conformity to the order of this court heretofore in that behalf made, and is good and sufficient."

It will be seen that while the court ordered notice to be served upon the heirs at law and all persons interested, it specifically designated the testator's grandchildren, Brettun Crapster and Mrs. Bangs, as the sole heirs at law, ignoring entirely the interests of the infant, Milton A. Bangs. Notice was served upon Mrs.

Bangs, the mother of Milton A. Bangs, but such notice did not inform her that the rights of her child would be in any manner affected by the proceedings; it only called her attention to her own interests therein. If she had been served with a notice as the guardian of her child, a different question would be presented.

When it is remembered that the parents of this child knew of the pendency of these proceedings, it seems like a useless formality to require service of notice upon the babe in his mother's arms. At the same time. this babe, though helpless, had the legal capacity to be, and was, the owner of the fee-simple title to the land about to be sold. His interests might have been best conserved by resisting the sale, but he was unable to determine what his rights were or how they might be protected. Courts have always been especially careful and vigilant in protecting the property rights of infants, and the extreme youth and helplessness of this plaintiff in error at the time of this sale were sufficient to furnish a strong appeal to the conscience of the court to interpose in his behalf, at least to the extent of providing him with a competent guardian, who would see that his interests were protected. Nothing of this kind, however, was done; the babe's rights were ignored.

It is a fundamental and universal rule of law that no person can be judicially devested of any property right without notice thereof and an opportunity to be heard, and this rule applies to old and young alike. In the case of *Galpin v. Page,* 85 U. S. 350, 21 L. Ed. 959, it was said:

"It is a rule as old as the law, and never more to be respected than now, that no one shall be personally bound until he has had his day in court, by which is meant until he has been duly cited to appear, and has been afforded an opportunity to be heard. Judgment without such citation and opportunity wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and never can be upheld where justice is justly administered." (Page 368.)

The rights of this plaintiff in error, Milton A. Bangs, have been disregarded; they were not even considered. Therefore the sale complained of is void.

The judgment of the district court is reversed.

All the Justices concurring.