**Sharon THOMAS, As sister and Next Friend of Tamera Glover, Plaintiff–Appellee,**

v.

**R.W. HARMON, INC.; Board of Education of the Memphis City Schools; Phyllis Barren; Circus Delight, Inc.; Sannette Ashalone; and Frank Glover and wife, Robbie Glover, Defendants–Appellants.**

Court of Appeals of Tennessee, Western Section, at Jackson.

June 10, 1988.

Application for Permission to Appeal Denied by Supreme Court Aug. 22, 1988.

Marshall Gerber, Memphis, for plaintiff-appellee.

John W. Leach, Memphis, for defendants-appellants.

CRAWFORD, Judge.

Tamera Glover, a minor by her sister and next friend, Sharon Thomas, filed the complaint in this case in the Chancery Court against the defendants, R.W. Harmon, Inc., Board of Education of the Memphis City Schools, Phyllis Barren, Circus Delight, Inc., Sannette Ashalone, Frank Glover, and wife, Robbie M. Glover, to declare void and to set aside a Circuit Court judgment approving a compromise settlement of Tamera's claim for personal injuries. From the final decree of the Chancery Court setting aside the settlement and judgment of the Circuit Court, the defendants, Circus Delight, Inc., and Sannette Ashalone, only, have appealed.

The complaint alleges that on or about February 26, 1981, Tamera Glover, then aged five, was crossing Dexter Avenue at its intersection with Hollywood Street in Memphis, Shelby County, Tennessee when she was struck by a school bus owned by

defendant, R.W. Harmon, Inc., and operated by its agent and servant, Phyllis Barren, as the agent and servant of the Board of Education of the Memphis City Schools. The plaintiff further avers that at the time and place of the collision, the vehicle owned by Circus Delight, Inc., and operated by defendant Ashalone was parked. Plaintiff alleges that Tamera Glover sustained severe injuries to her right leg necessitating the amputation of the leg below the knee. The complaint further avers that defendants, Frank Glover and wife Robbie M. Glover, are the parents of Tamera Glover, and that they joined in the application for a compromise settlement of the claim for the personal injuries sustained by their daughter which was filed in Circuit Court on July 24, 1981. On said date, an order approving the compromise settlement of the claim of the minor, Tamera Glover, was entered in the Circuit Court for a total amount of $5,000, and judgment was entered relieving the defendants, Harmon, Board of Education, Barren, Circus Delight, and Ashalone, from any liability for claims on behalf of Tamera Glover. Plaintiff avers that the petition for compromise settlement was prepared by the attorney for the Board of Education and was presented to the Court by that attorney, that the minor plaintiff was not represented by counsel, and that there was no guardian ad litem appointed by the Court to protect her interest. Plaintiff further alleges that defendants, except for her parents, were guilty of negligence which caused her injuries, that she would have been awarded a substantial judgment for the injuries had she been allowed to present her claim and that she has been deprived of her rights to a trial in the regular and normal manner. The complaint prays that the settlement and judgment be set aside in order that she might proceed with her claims against the defendants.

Defendants, except for the Glovers, filed answers which deny the material allegations of the complaint, and aver that the compromise settlement was properly approved and judgment properly entered. Defendants further assert that there was no liability on their part for the injuries and damages inflicted upon the minor plaintiff.

The trial court's order setting aside the judgment of the Circuit Court found, among other things:

FROM ALL OF WHICH IT APPEARING TO THE COURT that on July 24, 1981 in the Circuit Court of Shelby County, Tennessee in Cause No. 82017 R.D., an order was entered approving a compromise settlement for injuries sustained by Tamera Glover, a minor, on February 26, 1981, and that under the settlement the child was awarded $5,400.00, and her parents, Willie and Robbie Glover, were awarded $1,600.00; that there was no guardian ad litem appointed for the said minor in the proceeding; that T.C.A. § 34-3-113 does not absolutely require the appointment of a guardian ad litem when a joint petition is filed to approve a minor's settlement; that Tennessee Rules of Civil Procedure, Rule 17.03 provides for the appointment of a guardian ad litem for a minor when justice requires; that when there is a situation where there is a very serious injury and a settlement which would not be commensurate with that injury, then the question of liability becomes important and the judge either has to become the guardian ad litem looking at the situation from the aspect of the child, not just what the parents want, or he has to appoint a guardian ad litem to look into and delve into the question of liability; that the situation in this case is one, where Rule 17.03 comes into play for there is a question as to liability, and as a result, it was incumbent upon the judge to appoint a guardian ad litem; that because a guardian ad litem was not appointed for the child, the aforesaid judgment approving the settlement should be set aside.

The sole issue for review is whether the chancellor erred in setting aside the Circuit Court judgment approving the settlement of the claim of the minor plaintiff.

The settlement was presented to the court pursuant to the provisions of T.C.A. § 34-3-113(b)(1984) which provides:

(b)(1) In any case of personal injury to an infant or insane person caused by the alleged wrongful act, neglect or default of any person, firm or corporation, when death does not ensue, or in case of any other claim by an infant or insane person, against any person, firm or corporation, the parent, guardian or next friend for such infant, or the committee or next friend of such insane person, with the approval of any circuit judge or chancellor, may compromise any such claim for such damages. Such approval may be applied for by the parent, guardian or next friend of such infant or the committee, or next friend of such insane person, or by the person, firm or corporation who caused the injury, or by joint petition of the parties, on petition to such circuit judge or chancellor, in term time or vacation, stating the proposed compromise, the terms thereof, and the reasons therefor.

(2) A copy of such petition shall be served upon the defendant or defendants, where they have not joined in the petition filed. In case such petition is filed by the person who caused the injury, the judge or chancellor shall appoint a guardian ad litem for such infant or insane person, and shall cause the parents or guardian of such infant, if such there be, within the jurisdiction of the court, or the committee of such insane person, if such there be, to be made parties to the proceedings. The proceedings on any such petition may be heard either in term time or in vacation, and there shall be no necessity for a jury verdict or approval, and no party to the proceedings shall be required to demand a jury. The circuit judge or chancellor shall approve such compromise, if it shall be deemed to be the best interest of such infant or insane person. The order or decree approving and confirming any such compromise shall be binding upon such infant or insane person.

The order or judgment entered pursuant to T.C.A. § 34–3–113(b) has the same force and effect as a judgment or decree entered after a trial, and may be set aside for fraud or any other ground available for setting aside a judgment or decree. T.C.A. § 34–3–113(c).

Appellants argue that the trial court erred in holding that a guardian ad litem should have been appointed in the Circuit Court proceeding to represent the injured minor and assert that there are no grounds for setting aside the judgment approving the compromise settlement.

The trial court was of the opinion that T.C.A. § 34–3–113(b)(2) does not require the appointment of a guardian ad litem for a minor when a joint petition is filed by the parents and the alleged tortfeasors. Instead the trial court found that Rule 17.03, Tennessee Rules of Civil Procedure, is controlling. This rule states:

**17.03 Infants or Incompetent Persons**
Whenever an infant or incompetent person has a representative, such as a general guardian, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative, or if justice requires, he may sue by his next friend. The Court shall at any time after the filing of the complaint appoint a guardian ad litem to defend an action for an infant or incompetent person who does not have a duly appointed representative, or whenever justice requires. The court may in its discretion allow the guardian ad litem a reasonable fee for his services, to be taxed as costs.

Although the transcript of the proceedings contains a great deal of testimony submitted as an offer of proof, there is no issue presented for review concerning the exclusion of the evidence. Therefore, in our review of the transcript, we will not consider the testimony submitted as an offer of proof.

The evidence on behalf of plaintiffs consisted of the testimony of Sharon Thomas, Willie Glover, Jacqueline R. Swain, Robbie M. Thomas and Robin M. Glover. The Circuit Court joint petition and the order approving the settlement were filed as exhibits.

Sharon Thomas testified that she was a witness to the accident involving her sister, Tamera, that she was available as a witness on the date of the hearing in Circuit Court, but that she was not called upon to testify by any party. She further testified that shortly after the accident, she told her parents what she saw.

Defendant, Willie Glover, Tamera's father, testified that he did not see the accident, but came to the scene shortly after it had occurred. When they learned of the accident, they went immediately to the hospital. He described the various investigations made on behalf of the Board of Education and the school bus owner. He further testified that he was told by the investigator that they had reached a settlement and he was to go to the insurance company office, which he did. Mr. Glover states he was told that if they did not accept the settlement of $5,000, that they would not get anything because the insurance company had a lot of witnesses to show that Tamera was at fault. He further testified that when he appeared in court, the judge asked if he understood what was happening. Mr. Glover testified that he didn't have an attorney, but he did understand what he had been told by the investigators and felt that he had to go along with the settlement because of the investigator's statements. He further testified that the only lawyer present at the proceeding was the lawyer on behalf of the Board of Education and the court did not appoint anyone to represent his daughter Tamera. He also testified that the hearing took very little time because the judge seemed in a hurry.

Defendant, Robin M. Glover, testified that she is the mother of Tamera and that she talked on several occasions with the insurance investigator for defendants. She states that she was hysterical when they were told that they would be paid $5,000 and she felt that this was not really a settlement. She testified that they did not have an attorney and they were told that if they did not take the $5,000 they would not get anything. Mrs. Glover states that when the judge asked her in court if she were satisfied with the settlement, she stated, "I don't have any alternative but to

be satisfied with it." She further testified that at the Circuit Court hearing she stated, "I'm not satisfied, but I don't have any, you know, grounds. I've got to go along with what they say."

Other witnesses offered by plaintiff testified concerning the facts of the accident, which testimony was excluded by the court and submitted as an offer of proof.

The defendant introduced the testimony of the special judge that heard the case and entered the order approving the settlement and the testimony of an insurance adjuster that negotiated the settlement with the Glovers. The special judge testified that there was no testimony elicited concerning the facts of the incident, but that the attorney representing the defendants related a statement to the court how the accident happened. He further testified that from the attorney's statement he was of the opinion that there were disputed issues of fact which would require a submission of the case to the jury for determination if a jury were demanded. The witness further testified that he always made it a point when sitting as a special judge to be satisfied that the parents knew what they were doing when they agreed to the settlement and that they understood the finality of such a settlement. In response to the question by the lawyer for Tamera about whether he would approve the settlement if certain facts were elicited, the witness stated:

A. Mr. Gerber, when the parents of the child come down to court with or without a lawyer—it's always better to have a lawyer—to settle the case, I assume that they know what they're doing, and I try to make it a point to warn them and caution them about what they are doing. In spite of that, *if they still want to enter into a settlement, I don't see where I should intercede* on behalf of some people who want to take some money. (Emphasis added).

The insurance adjuster testified concerning his negotiations for settlement with the Glovers and stated that he was in the courtroom when the settlement proposal

was presented to the court. He further testified that there was no testimony elicited in the courtroom concerning the facts of the accident and that the facts were related to the court by the lawyer for the defendant Board of Education.

The trial court concluded that T.C.A. § 34–3–113(b)(2) does not require the appointment of a guardian ad litem where a joint petition for approval of compromise settlement is filed, but we do not deem it necessary to address this finding in this opinion. The court specifically found that a guardian ad litem should have been appointed by the circuit judge pursuant to Rule 17.03, Tennessee Rules of Civil Procedure. This Rule provides for the appointment of a guardian ad litem "whenever justice requires." In *Gann v. Burton*, 511 S.W.2d 244, 246–47 (Tenn.1974) our Supreme Court said:

> Thus, we hold that Rule 17.03 requires the trial judge to evaluate the total situation surrounding the infant or incompetent and then, if justice requires, a guardian ad litem must be appointed. However, said appointment is discretionary and this Court will not overrule the trial judge's decision unless there is an abuse of the judge's discretion.

> \* \* \* \* \* \*

Having construed Rule 17.03, the question remains whether the trial court abused its discretion in not appointing a guardian ad litem or making the conservator a party to the case. We find no abuse of discretion herein. We reach this conclusion because Rule 17.03's purpose is to insure that the rights of minors and incompetents are fully protected. In the instant case said rights were fully protected because a full defense was made and the defendant was in no way prejudiced.

> \* \* \* \* \* \*

Thus, the failure to appoint is not grounds for reversal where there is no showing of actual prejudice.

The trial court undoubtedly determined that actual prejudice resulted to the injured minor by the failure of the Circuit Court to appoint a guardian ad litem. Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

In *Kates v. Anderson, Dulin, Varnell Company*, 9 Tenn.App. 396 (1929), a bill was filed in Chancery Court on behalf of a minor to have declared fraudulent and void a judgment rendered by the Circuit Court of Knox County in favor of the minor for personal injuries. The defendants' insurance company reached an agreement with the minor's mother for a settlement of the minor's claim and in order to consummate the settlement, arranged for a suit by the minor through her mother as next friend against the company. The matter was presented to the court and the court approved the settlement by awarding a judgment in favor of the plaintiff against the defendant. The Chancery Court in considering the suit to set aside the Circuit Court judgment found, among other things, that the rights of the minor could not be adjudicated without a legal contest, even though the parties acted in good faith, and that the minor had been deprived of her right to a trial in the regular way. Although the Court of Appeals' decision affirming the Chancery Court's action indicates that there was a mistake by the parties as to the nature and extent of the injuries sustained by the minor, the Court noted with approval a Kansas case and said:

> In the leading case of *Missouri Pacific Railway Co., plaintiff in error, v. Lasca*, 79 Kans., 311, 99 Pac., 616, 21 L.R.A. (N.S.), 338, 17 Ann.Cas. 605, it was held that in an action to recover damages for personal injuries to an infant, where the proceedings in court are merely formal, and are instituted and carried on only to give an apparent sanction to a settlement agreed upon between the defendant and a parent of the infant, and there is no judicial investigation of the facts upon which the right or extent of the recovery is based, a judgment in favor of the infant entered in pursuance of the agreement and by consent merely, is only

colorable and will be set aside in a proper proceeding when its effect, if allowed to stand, would be a bar to the infant's substantial rights.

*Id.* at 404.

The record in the case before us establishes that the Circuit Court judgment was entered without the benefit of any evidence concerning the facts of the accident that resulted in the loss of Tamera's leg. Testimony of the special judge establishes that the judgment was entered because the parents stated to the court that they wanted the settlement approved. If that were the only criterion to follow, there would be no necessity for presenting the matter to the court for approval. The sole consideration of a court in determining whether to approve a settlement is the best interest of the child. In order to determine what is in the best interest of the child, it would appear that some testimony must be elicited concerning the facts of the accident for which the claim is made. Certainly no one can say in this case that the amount of $5,000 is adequate payment for the injuries sustained, and this entire settlement hinged upon the determination of legal liability on the part of the defendants.

In *Missouri Pacific Railway Co., v. Lasca,* 79 Kan. 311, 99 P. 616 (1909), the case relied upon by our Court in *Kates,* the Kansas court said:

> While in this case the court did exercise some supervision over the agreement, it did not judicially examine the facts—to determine whether the agreement was reasonable and proper. The court merely approved what the next friend had done, not because it found that it was for the best interests of the infant, but because the consent of the parents had been given and they were still satisfied. *The duty of the court, stated in many decisions, and referred to* in the recent case of *Crapster v. Taylor,* 74 Kan. 771, 87 Pac. 1138, *to protect the interests of infants, was not performed by inquiring of the parents if they were satisfied with the agreement.* (emphasis added).

*Id.* at 318, 99 P. at 619.

From our review of this record, we cannot say that the evidence preponderates against the finding of the trial court that the minor plaintiff was prejudiced by the failure of the Circuit Court to appoint a guardian ad litem.

This five-year old child sustained serious and debilitating injuries and she had absolutely no representation at the hearing to determine the reasonableness of the settlement. No one attempted to determine if *her* best interest would be served by an approval of the compromise settlement. If we are ever to give effect to the provision of the rule for the appointment of a guardian ad litem "whenever justice requires" this is the time to do it. A review of this record indicates that the parties to the Circuit Court action for approval of the compromise settlement sought nothing more than a perfunctory proceeding from the court and this is what they obtained. The minor's rights were impaired by a purported hearing, when in fact there was no evidence introduced upon which a court could base an opinion requiring consideration of the best interest of the minor. Fairness, equity and protection of the minor's rights demand that the Circuit Court action be set aside, because "its effect, if allowed to stand, would be a bar to the infant's substantial rights." *Kates,* 9 Tenn.App. at 404.

Accordingly, the final decree of the Chancery Court is affirmed, and this case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellants.

HIGHERS and FARMER, JJ., concur.